Christopher B. Ellison, Esq. (SBN 248545)
ELLISON & ASSOCIATES APC
8117 W. Manchester Ave. #158
Playa Del Rey, California 90293
Telephone: (310) 882-6239
Facsimile: (310)882-6237
cellison@eaalawfirm.com


Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO CABEZAS,<br><br>Plaintiff,<br><br>vs.<br><br>FLINT GROUP, LLC,  A MICHIGAN BUSINESS ENTITY, JOSE GOMEZ, and, DOES 1 through 100, inclusive,<br>Defendants. | CASE NO. 2:21-cv-6389<br><br>**COMPLAINT:**<br><br>1.  **SEXUAL HARASSMENT (Hostile Work Enviornment)**<br>2.  **RACE DISCRIMINATION (Disparate Treatment)**<br>3.  **DISABILITY DISCRIMINATION**<br>4.  **FAILURE TO PREVENT HARASSMENT And DISCRIMINATION [Violation Of Cal. _Govt. Code_ §12940(K)];**<br>5.  **RETALIATION [Violation Of Cal. _Govt. Code_ §12940(f);**<br>6.  **FAILURE TO ACCOMMODATE;**<br>7.  **FAILURE TO ENGAGE IN INTERACTIVE PROCESS;**<br>8.  **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF alleges as follows:

All allegations in this Complaint are based upon information and belief except for those allegations which pertain to PLAINTIFF and his counsel.  PLAINTIFF's information and belief are based upon _inter alia,_ the investigation conducted to date by PLAINTIFF and his counsel.  Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## ALLEGATIONS COMMON TO ALL

**COMPLAINT**

## CAUSES OF ACTION

**THE PARTIES**

1.  Marco Cabezas ("PLAINTIFF") is and was, at all times mentioned herein:

   (a)   A resident of San Bernandino County, California; and,

   (b)   Employed by Defendant Flint Group LL ("FLINT GROUP ")

   (c)   Unlawfully discriminated, harassed and retaliated against by Defendants.

2.  PLAINTIFF is informed and believes, and based upon that information and belief alleges that DEFENDANT FLINT GROUP LLC ("DEFENDANT FLINT GROUP") is and was, at all times mentioned herein:

   (a)   A Private Employer of PLAINTIFF.

   (b)   Doing business in San Bernandino County , California;

   (c)   Unlawfully discriminated, retaliated and harassed PLAINTIFF.

3.  PLAINTIFF is informed and believes, and based upon that information and belief alleges that DEFENDANT JOSE GOMEZ ("GOMEZ") is and was, at all times mentioned herein:

   (a)   PLAINTIFF's Supervisor at FLINT GROUP;

   (b)   Unlawfully discriminated, retaliated and harassed PLAINTIFF.

4.  The true names and capacities, whether individual, corporate, partnership, associate, or otherwise of DEFENDANT DOES 1 through 99, inclusive is unknown to PLAINTIFF who therefore sues these DEFENDANTS by such fictitious names pursuant to *California Code of Civil Procedure* §474.  PLAINTIFF will seek leave to amend this First Amended Complaint to allege their true names and capacities when they are ascertained.

5.  PLAINTIFF is informed and believes, and based on that information and belief alleges that DEFENDANTS named in this Complaint, including DOES 1 through 100, inclusive, is responsible in some manner for one or more of the events and happenings, and proximately caused the injuries and damages, hereinafter alleged.

6.  PLAINTIFF is informed and believes, and based upon that information and

**COMPLAINT**

belief alleges, that each of the DEFENDANTS named in this Complaint, including DOES 1 through 100, inclusive, is, and at all times mentioned herein was, the agent, servant, and/or employee of each of the other DEFENDANTS, and that each DEFENDANT was acting within the course and scope of his, his, or its authority as the agent, servant, and/or employee of each of the other DEFENDANTS.  Consequently each DEFENDANT is jointly and severally liable to PLAINTIFF for the damages sustained as a proximate result of their conduct.

**BACKGROUND ALLEGATIONS**

7.    PLAINTIFF was hired by DEFENDANT FLINT GROUP  in or About February 2003. PLAINTIFF received raises, promotions and praise for his work at FLINT GROUP. PLAINTIFF was employed until approximately August 2019, when he was unlawfully terminated. During the tenure of his employment, PLAINTIFF performed his job duties in an exemplary manner.

8.    DEFENDANT FLINT GROUP  allowed, condoned, instigated and created a discriminatory and hostile work environment towards PLAINTIFF. PLAINTIFF was bullied, harassed and discriminated against by DEFENDANT GOMEZ. PLAINTIFF was called derogatory names, harassed, and discriminated against by individuals employed by DEFENDANTS . The conduct was consistent and pervasive towards PLANTIFF. PLAINTIFF reported the discriminatory, harassing and retaliatory conduct to Human Resources, as well as to upper management, however, DEFENDANT FLINT GROUP continued to allow the hostile work environment to exist towards PLAINTIFF, retaliated against PLAINTIFF, and further harassed and discriminated against PLAINTIFF.

9.    Throughout this time, PLAINTIFF complained, reported and requested that the FLINT GROUP  take action to correct, remedy and discipline the employee(s) that were harassing and creating the hostile work environment. Plaintiff complained to the harasser's supervisor, as well as Human Resources.

10.    Throughout this period PLAINTIFF began experiencing fear, anxiety and depression (amongst other symptoms) due to the harassment, hostile work environment, and lack of investigative or corrective action by the FLINT GROUP.

11.    In or around October 2018, PLAINTIFF was diagnosed with a physical and mental disability. PLAINTIFF'S medical provider took him off of work due to the disability.

**COMPLAINT**

1

2      12.     Upon PLAINTIFF's return from her medical leave, PLAINTIFF was placed

3  in the same hostile work environment as before, as a result, he began to experience the

4  same symptoms of fear, anxiety and depressions as before his medical leave. PLAINTIFF

5  expressed this to DEFENDANT FLINT GROUP  and requested accommodations however,

6  DEFENDANT FLINT GROUP  failed to accommodate PLAINTIFF's request, and failed to
   discuss what accommodations it could make to assist PLAINTIFF.

7      13.     Throughout this period, PLAINTIFF requested that DEFENDANTS stop

8  harassing, bullying, denigrating, and creating and retaliatory environment. Moreover,

9  PLAINTIFF reported these incidents to DEFENDANT FLINT GROUP, including but not

10 limited to the Human Resource, however, no action was taken against Defendant GOMEZ.

11     14.     On or about August 7, 2020, PLAINTIFF filed a Complaint with the

12 California Department of Fair Employment and Housing, charging DEFENDANT FLINT

13 GROUP  with harassment, retaliation and racial and disability discrimination in violation of

14 the California Fair Employment and Housing Act (FEHA).  Furthermore, PLAINTIFF has

15 complied with the Claims process for filing personal injury claims against the FLINT
   GROUP.

16                          **FIRST CAUSE OF ACTION FOR**

17                       **HARASSMENT (Hostile Work Environment)**

18                              **(Against Defendants)**

19     15.     PLAINTIFF repleads and realleges paragraphs 1 through 14, inclusive, of
   this Complaint, and they are incorporated herein by reference.

20     16.     Jurisdiction in this court is invoked pursuant to the FAIR EMPLOYMENT

21 AND HOUSING ACT ["FEHA "], i.e., Gov. Code § § 12900, 12921, 12926, 12940 and

22 12965, specifically Section 12940 (j).

23     17.     DEFENDANTS are entities and/or individuals with an obligation under the

24 law to assure an environment in which its employees can work freely without fear of

25 harassment on the basis of their race, disability and/or because they oppose and report any

26 business practices forbidden under the law.

27     18.     DEFENDANTS have engaged, allowed, condoned, enabled and refused to

28 prevent the harassment of PLAINTIFF, by its managerial/supervisory officials and by its
   non-managerial employees.

**COMPLAINT**

19.     The harassment described herein, and otherwise described above, was and is so severe and pervasive that the working conditions of PLAINTIFF was altered into a hostile work environment.

20.     As a direct and proximate result of such unlawful conduct by DEFENDANTS and DOES 1 through 100 inclusive, and/or their agents/employees, PLAINTIFF has suffered and will continue to suffer physical injuries, pain and suffering, and extreme and severe mental anguish and emotional distress.

21.     As a further direct and proximate result of said tortious acts, omissions, or conduct of the DEFENDANTS and DOES 1 through 100 inclusive, and/or their agents/employees, PLAINTIFF sustained and incurred losses and damages which are itemized as follows:

(a)     Expenditures for medical care, treatment and services in connection with the aforementioned injuries, in a sum to be determined according to proof at the time of trial;

(b)     Disabling and serious pain, suffering, and anguish in connection therewith, all to PLAINTIFF's general damage in a sum in excess of the minimum jurisdictional amount of this Court; and,

(c)     Inability to perform PLAINTIFF's regulated and usual occupation, with resulting loss and impairment of earnings and earning capacity, all to PLAINTIFF's damage in a sum to be determined according to proof at the time of trial.

22.     The conduct of DEFENDANTS alleged herein was malicious, willful, and oppressive with the intent to physically harm PLAINTIFF.  DEFENDANTS engaged in despicable conduct and acted with the conscious disregard of PLAINTIFF's rights and with an intent to injure PLAINTIFF, such as to constitute oppression and malice under California *Code of Civil Procedure* §3294.  PLAINTIFF is thereby entitled to punitive and exemplary damages in an amount sufficient to punish and make an example of DEFENDANTS.

## SECOND CAUSE OF ACTION
### RACIAL DISCRIMINATION IN VIOLATION OF FEHA
### (Disparate Treatment)
(Against Defendants)

23.     PLAINTIFF re-alleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 22, inclusive, as though fully set forth herein.

24.     This is a claim for relief arising from racial discrimination in employment. This action is brought pursuant to the FEHA.

25.     Jurisdiction in this court is invoked pursuant to California Government Code § § 12900, 12921, 12926, 12940 and 12965, specifically Sections 12940(a), 12941 and 12921(a) [Collectively referred to as "FEHA"]. Defendant FLINT GROUP  is not exempt from the statutes cited in this paragraph by any local, state or federal laws.

26.     Defendant FLINT GROUP  is an employer in the State of California, as defined in the California Fair Employment and Housing Act, California Government Code §§12900 et seq., ("FEHA").

27.     PLAINTIFF is an Hispanic-American, a member of a protected class.

28.     PLAINTIFF has been subjected to discrimination based on his race.

29.     The discriminatory acts described pursuant to the preceding paragraphs are part of a longstanding, deep-rooted policy and/or practice by the management of FLINT GROUP  to discriminate against PLAINTIFF because of his race.

30.     FLINT GROUP  at all times relevant herein disparately applied its alleged rules to PLAINTIFF based on his race.

31.     The FLINT GROUP , including managers and supervisors, were either aware of the racial discrimination described herein and took no action to prevent it and/or they actively participated in the discrimination. PLAINTIFF has petitioned the management of the FLINT GROUP  to stop such discriminatory practices. Because such petitions were ignored, PLAINTIFF was required to file administrative complaints with the Department of Fair Employment and Housing, and to initiate the current lawsuit.

32.     FLINT GROUP 's discriminatory actions against PLAINTIFF, as alleged herein, constituted unlawful discrimination in employment on account of race, in violation of the California Constitution, Government Codes and Labor Codes referenced above.

33.     As a direct and proximate result of FLINT GROUP 'S discriminatory actions against PLAINTIFF, as alleged above, PLAINTIFF has been harmed in that he has suffered physical and emotional injury, consequential and incidental losses, including but not limited to loss of income and benefits.

COMPLAINT

33.     As a further proximate result of FLINT GROUP 'S despicable discriminatory actions, as alleged above, PLAINTIFF has suffered general and compensatory damages in that PLAINTIFF has foreseeable suffered humiliation, mental anguish, severe emotional and physical distress, and has been injured in mind and body in an amount according to proof.

34.     As a further and proximate result of FLINT GROUP 'S despicable discriminatory actions, as alleged above, PLAINTIFF is entitled to reasonable costs and attorneys' fees pursuant to the Fair Employment and Housing Act, California Government Code § 12900, et seq.

### THIRD CAUSE OF ACTION
### DISABILITY DISCRIMINATION IN VIOLATION OF FEHA
(Against Defendant FLINT GROUP )

35.     PLAINTIFF re-alleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 34, inclusive, as though fully set forth herein.

36.     California Government Code section 12940(a) provides that it is unlawful for any employer to refuse to employ or to discriminate against a person in compensation or in terms, conditions, or privileges of employment because of that person's physical disability.

37.     At all times relevant hereto, FLINT GROUP  was an employer, and PLAINTIFF was an employee of FLINT GROUP .

38.     Defendant knew that Plaintiff had a physical disability.

39.     Plaintiff was able to perform the essential job duties of his position.

40.     Defendant refused to allow Plaintiff to work because of his physical disability.

41.     In committing these actions, Defendant violated the Fair Employment and Housing Act.

42.     As a proximate result of FLINT GROUP 'S despicable discriminatory actions, as alleged above, PLAINTIFF has suffered general and compensatory damages in that PLAINTIFF has foreseeable suffered humiliation, mental anguish, severe emotional and physical distress, and has been injured in mind and body in an amount according to proof. As a proximate result of the acts of Defendant, Plaintiff has suffered damages in an amount according to proof.

43.     As a further and proximate result of FLINT GROUP 'S despicable discriminatory actions, as alleged above, PLAINTIFF is entitled to reasonable costs and

**COMPLAINT**

attorneys' fees pursuant to the Fair Employment and Housing Act, California Government Code § 12900, et seq.

## FOURTH CAUSE OF ACTION
## FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT
### (Against FLINT GROUP )

44.     PLAINTIFF repleads and realleges paragraphs 1 through 43, inclusive, of this Complaint, and they are incorporated herein by this reference.

45.     In violation of *California Government Code* §12940(k), FLINT GROUP and/or its agents/employees, failed to take all reasonable steps to prevent the discrimination and harassment directed toward PLAINTIFF.

46.     PLAINTIFF is informed and believes and thereon allege that this cause of action is not preempted by the California Workers' Compensation Act on the grounds that discrimination and harassment on the basis of race/disability are not risks or conditions of PLAINTIFF'S employment.

47.     As a direct and proximate result of FLINT GROUP  failure to prevent the unlawful conduct towards PLAINTIFF, PLAINTIFF has suffered and will continue to suffer physical injuries, pain and suffering and extreme and severe mental anguish and emotional distress; PLAINTIFF has incurred and will continue to incur medical expenses for treatment by psychiatrists and other health professionals, and for other incidental medical expenses; and PLAINTIFF has suffered and continues to suffer a loss of earnings and other employment benefits.  PLAINTIFF is thereby entitled to general and compensatory damages in amounts to be proven at trial.

48.     As a further and proximate result of FLINT GROUP 'S despicable discriminatory actions, as alleged above, PLAINTIFF is entitled to reasonable costs and attorneys' fees pursuant to the Fair Employment and Housing Act, California Government Code § 12900, et seq.

## FIFTH CAUSE OF ACTION FOR
## RETALIATION
### (Against FLINT GROUP )

49.     PLAINTIFF repleads and realleges paragraphs 1 through 48, inclusive, of this Complaint, and they are incorporated herein by this reference.

**COMPLAINT**

50.     At all relevant times herein and in violation of *California Government Code* §12940(f),FLINT GROUP  and/or their agents/employees, retaliated against PLAINTIFF by adversely affecting PLAINTIFF's employment after he complained, rebuked and opposed the incidents that have occurred with regard to DEFENDANTS, as alleged herein.

51.     As a direct and proximate result of FLINT GROUP 's unlawful conduct, PLAINTIFF has suffered and will continue to suffer physical injuries, pain and suffering, and extreme and severe mental anguish and emotional distress.  PLAINTIFF has incurred and will continue to incur medical expenses for treatment by psychiatrists and other health professionals, and for other incidental medical expenses; and PLAINTIFF has suffered and continues to suffer a loss of earnings and other employment benefits.  PLAINTIFF is thereby entitled to general and compensatory damages in amount to be proven at trial.

52.     As a further and proximate result of FLINT GROUP 'S despicable discriminatory actions, as alleged above, PLAINTIFF is entitled to reasonable costs and attorneys' fees pursuant to the Fair Employment and Housing Act, California Government Code § 12900, et seq.

**SIXTH CAUSE OF ACTION**
**FAILURE TO ACCOMMODATE  IN VIOLATION OF**
**THE FAIR EMPLOYMENT AND HOUSING ACT**
**(Against FLINT GROUP )**

53.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

54.     California Government Code section 12940(m) provides that it is unlawful for any employer or any other covered entity to fail to make reasonable accommodation for the known physical or mental disability of an employee.

55.     At all times relevant hereto, Defendant FLINT GROUP  was aware of PLAINTIFF's physical disability.

56.     PLAINTIFF requested that Defendant FLINT GROUP  accommodate his disability.

57.     Defendant FLINT GROUP  unreasonably denied PLAINTIFF's request.

58.      In committing these actions, Defendant FLINT GROUP  violated the Fair Employment and Housing Act.

**COMPLAINT**

59.     Defendant FLINT GROUP  committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring PLAINTIFF, from an evil and improper motive amounting to malice, and in conscious disregard of PLAINTIFF's rights, in that Defendant FLINT GROUP  failed to accommodate Plaintiff despite the fact that Plaintiff requested reasonable accommodation.  Thus, PLAINTIFF is entitled to recover punitive damages from Defendant FLINT GROUP .

60.     As a proximate result of the acts of Defendant FLINT GROUP , PLAINTIFF has suffered damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendant FLINT GROUP  as set forth below.

## SEVENTHCAUSE OF ACTION
## FAILURE TO ENGAGE IN INTERACTIVE PROCESS IN VIOLATION OF
## THE FAIR EMPLOYMENT AND HOUSING ACT
## (Against FLINT GROUP )

61.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

62.     California Government Code section 12940(n) provides that it is unlawful for any employer or covered entity to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition.

63.     At all times relevant hereto, Defendant FLINT GROUP  was aware of PLAINTIFF's physical disability.

64.     Defendant FLINT GROUP  failed to engage in a timely, good faith, interactive process with PLAINTIFF to determine effective reasonable accommodations for PLAINTIFF.

65.     In committing these actions, Defendant FLINT GROUP  violated the Fair Employment and Housing Act.

66.     Defendant FLINT GROUP  committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring PLAINTIFF, from an evil and improper motive amounting to malice, and in conscious disregard of PLAINTIFF's rights, in that Defendant FLINT GROUP  failed to engage in a timely, good faith, interactive process with

COMPLAINT

1  PLAINTIFF despite the fact that they were aware that PLAINTIFF were disabled.  Thus,

2  PLAINTIFF is entitled to recover punitive damages from Defendant FLINT GROUP .

3        67.    As a proximate result of the acts of Defendant, Plaintiff has suffered damages in

4  an amount according to proof.

5        WHEREFORE, PLAINTIFF prays for judgment against Defendant FLINT GROUP  as

   set forth below.

6
                        **NINTH  CAUSE OF ACTION FOR**
7
              **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
8
                           **(Against all DEFENDANTS)**

9        68.    PLAINTIFF repleads and realleges paragraphs 1 through 66, inclusive, of

10 this First Amended Complaint, and they are incorporated herein by this reference.

11       69.    As alleged herein, these DEFENDANTS and DOES 1 through 100, inclusive,

12 and/or their agents/employees engaged in outrageous conduct towards PLAINTIFF with the

13 intent to cause or with reckless disregard for the probability of causing PLAINTIFF to

14 suffer severe physical and emotional distress.  To the extent that such outrageous conduct

   (as alleged herein) was perpetrated by certain FLINT GROUP  employees, the remaining
15
   DEFENDANTS confirmed and ratified such conduct with the knowledge that
16
   PLAINTIFF's emotional and physical distress would thereby increase, and with a wanton
17
   and reckless disregard for the deleterious consequences to PLAINTIFF.
18
         70.    As a direct and proximate result of DEFENDANTS'' unlawful conduct,
19
   PLAINTIFF has suffered and will continue to suffer physical injuries, pain and suffering
20
   and extreme and severe mental anguish and emotional distress; PLAINTIFF has incurred
21
   and will continue to incur medical expenses for treatment by psychiatrists and other health
22
   professionals, and for other incidental medical expenses; and PLAINTIFF has suffered and
23
   continues to suffer a loss of earnings and other employment benefits.  PLAINTIFF is

   thereby entitled to general and compensatory damages in amounts to be proven at trial.
24
         71.    The conduct of DEFENDANTS alleged herein was malicious, willful, and
25
   oppressive with the intent to physically harm PLAINTIFF.  DEFENDANTS engaged in
26
   despicable conduct and acted with the conscious disregard of PLAINTIFF's rights and with
27
   an intent to injure PLAINTIFF, such as to constitute oppression and malice under
28
   California *Code of Civil Procedure* §3294.  PLAINTIFF is thereby entitled to punitive and

   exemplary damages in an amount sufficient to punish and make an example of

---

**COMPLAINT**

1    DEFENDANTS.

2

3                                    **<u>PRAYER</u>**

4            WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS as follows:

5            1.        <u>On All Causes of Action</u>

6                      (a)      For actual and/or compensatory damages in favor of PLAINTIFF and
                                against each DEFENDANT in an amount to be ascertained at the time of
7                               trial;

8                      (b)      For punitive and/or exemplary damages in favor of PLAINTIFF and
9                               against DEFENDANTS:

10                     (c)      For interest on any actual or compensatory damages PLAINTIFF may
                                obtain against DEFENDANTS;
11
                       (d)      For interest on any punitive and/or exemplary damages PLAINTIFF may
12                              obtain against DEFENDANTS;

13                     (e)      For PLAINTIFF's cost of suit, including attorneys' fees; and,

14                     (f)      Injunctive and declaratory relief to address the wrongs alleged herein;

15                     (g)      For such other and further relief as this Court may deem just and proper.

16

17   Dated: August 6, 2021                          ELLISON & ASSOCIATES APC

18                                                        /s/CHRIS ELLISON

19                                                  By:_____
                                                       CHRISTOPHER B. ELLISON
20                                                     Attorney for PLAINTIFF

21

22

23

24

25

26

27

28

**COMPLAINT**